FT. W. & D. C. R'Y CO. v. C. C. TALIAFERRO.

(No. 7186.)

APPEAL from Hardeman County.   Opinion by DAVIDSON, J.

BROWNING & MADDEN, counsel for appellant.

No counsel appeared for appellee.

§ 312. *Contributory negligence; party chargeable with not entitled to damages.*   Appellee filed this suit in the justice's court, claiming actual and exemplary damages caused by appellant, through its lawful agents and employees, carelessly and negligently operating its engine, and leaving same upon a public crossing, thereby causing his team to run away and injure him and one of his horses.   The evidence discloses that appellee and one Burton were approaching the railroad track in the town of Quanah, when appellant's engine came along its track and stopped partially across the road-crossing.   In attempting to cross the railroad track in front of this engine, appellee's horses became frightened at the engine, shied to one side, and ran away, and while so running appellee fell out of the wagon and was slightly injured. It is further shown by the evidence that sufficient room was left at the crossing for the wagon to pass the engine. In other respects the testimony is in substance the same as in the case of Appellant v. Burton, *ante*, p. 292. It is contended by appellant that a recovery cannot be had because appellee was guilty of contributory negligence.   We are of opinion that this contention is correct.

Where one person seeks to recover of another because of the latter's negligence, it is a sufficient defense and answer to show that the complaining party was guilty of such negligence as contributed to the injury. To hold otherwise would sanction the rule that a party could profit by his own wrong. "It is the duty of a person to use ordinary care and reasonable means to prevent an injury, and the consequences of it, and he can only recover damages for such losses as could not, by such care and means, be avoided; and if a party in any material manner contributed to the injury received, he cannot recover for such losses as result from his own and another's fault." [White & W. Cond. Rep., §§ 137, 417, 860; 2 Willson, Civil Cas., § 138; Railroad Co. v. Le Gierse, 51 Tex. 202; 6 Wait, Act. & Def., p. 583.] As disclosed by the record, we are of opinion the facts do not support the judgment; wherefore it is reversed and the cause remanded.

May 11, 1892.                    Reversed and remanded.